# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RICHARD D. PERCEFULL,
ADC #148005                                                                                          PLAINTIFF

V.                                      5:12CV00082 BSM/JTR

VERNON R. ROBERTSON,
Cummins Unit, ADC, et al.                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Richard D. Percefull, is a prisoner in the Cummins Unit of the Arkansas Department of Correction ("ADC"). In this *pro se* § 1983 action, he alleges that Defendants violated his constitutional rights. *See* docket entries #2, #8, and #10.

Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

### A. False Disciplinary Claim

Plaintiff alleges that Defendants Hearing Officer Keith Waddle and Correctional Officer Vernon Robertson violated his due process rights when they issued him a false disciplinary for fighting with inmate Hall on February 2, 2012. *Id.* As punishment, Plaintiff was reduced in class and confined in administrative

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

segregation for six days. *Id.* He also lost phone, visitation, and commissary privileges for twenty days. *Id.*

A prisoner may only maintain a due process challenge to a disciplinary proceeding if he is deemed to have a liberty interest at stake. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). It is well settled that a prisoner does *not* have a liberty interest in maintaining a particular classification level. *Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

Similarly, in *Sandin* and its progeny, courts have held that a prisoner does *not* have a liberty interest arising from being placed in punitive isolation for a relatively short time or the temporary loss of privileges while so confined. *See Sandin*, 515 U.S. at 482-86 (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship, under *Sandin*); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 (8th Cir. 1996) (holding that thirty days in punitive segregation, which included the suspension of mail, telephone, visitation, and commissary privileges, was not an atypical and

significant hardship under *Sandin*). Thus, Plaintiff did not have a liberty interest in avoiding placement in administrative segregation for six days or the loss of privileges for twenty days. Accordingly, he has failed to state a viable due process claim regarding his February 2012 disciplinary proceedings.

## B.     Inadequate Medical Care Claim

Plaintiff contends that *unspecified individuals* denied him adequate medical care for a broken tooth and two chipped teeth. *See* docket entries #2, #8, and #10. Similarly, Plaintiff alleges that, for three weeks, *unspecified individuals* refused to give him prescription medications for high blood pressure, an enlarged prostate, and pain. *Id.*

Although he was directed to do so, Plaintiff has not clarified how any of the named Defendants personally participated in the alleged denial of adequate medical care. *See* docket entry #3.[2] Similarly, Plaintiff has not otherwise provided the Court with the names of any individuals who failed to provide him with adequate medical care. Accordingly, his inadequate medical care claims should be dismissed, without

---

[2] On March 5, 2012, the Court directed Plaintiff to file an Amended Complaint clarifying "how Defendants Robertson, Jackson, Tate, and Waddle *each* personally participated in each of the separate constitutional violations raised in this case." *See* docket entry #3 at 4.

prejudice.³

**C.     Failure to Protect Claim**

Plaintiff contends that Defendant Robertson failed to protect him from being beaten by inmate Hall on February 2, 2012. *See* docket entries #2, #8, and #10. To state a viable failure to protect claim, a prisoner must allege that: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, the defendants knew of and disregarded that substantial risk of serious harm. *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007).

Plaintiff *concedes* that Hall's February 2, 2012 attack was a surprise and that he did not put Defendant Robertson, or any other prison official, on notice that Hall posed a threat to him. *See* docket entries #8 at ¶ 5; docket entry #10 at ¶ 5. Instead,

---

    ³ The PLRA requires a prisoner to fully and properly exhaust his administrative remedies regarding *each* claim *before* he files a complaint in federal court. *See* 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  When doing so, a prisoner must comply with the prison's specific grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The ADC grievance procedures require a prisoner to specifically name each individual involved in the grievance. *See* ADC Adm. Dir. 10–23 § IV(C)(4).
    If Plaintiff does not currently know the names of the individuals who denied him medical care, it is almost certain that he did not properly name any specific individuals in his ADC grievances. Thus, if Plaintiff wishes to pursue his inadequate medical care claims, he should: (1) name the specific individuals who denied him medical care in his ADC grievances; (2) fully and properly appeal the denial of any such grievances; and (3) file a new § 1983 Complaint raising his inadequate medical care claims.

Plaintiff contends that Hall, who is serving a life sentence for murder, had a reputation of being a violent prisoner, and thus, he should not have been housed in general population with other prisoners. *Id.* Additionally, Plaintiff states that "if [Defendant] Robertson did not know there would be trouble, he should [have]." *See* docket entry #8 at ¶ 5.

A failure to protect claim must be based upon deliberate indifference. *Schoelch v. Mitchell,* 625 F.3d 1041, 1046 (8th Cir. 2010) (explaining that, to constitute deliberate indifference, the prison official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Importantly, the negligent failure to detect a substantial risk of harm fails to rise to the level of a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 835-38 (1994); *Lenz,* 490 F.3d at 996. Finally, the Eighth Circuit has held that "prison officials are not required to segregate indefinitely all inmates whose original crimes suggest they might be capable of further violence." *Curry v. Crist*, 226 F.3d 974, 978 (8th Cir. 2000).

Plaintiff has failed to plead *any* facts suggesting that Defendant Robertson, or any other prison official, was subjectively aware that there was a substantial risk that Hall would harm him. Thus, his failure to protect claim should be dismissed, without prejudice.

**D.     Defendants Tate and Jackson**

On March 5, 2012, the Court directed Plaintiff to file an Amended Complaint clarifying "how Defendants Robertson, Jackson, Tate, and Waddle *each* personally participated in each of the separate constitutional violations raised in this case." *See* docket entry #3 at 4.   Plaintiff subsequently filed an Amended Complaint and an Addendum.  *See* docket entries #8 and #10.

As previously discussed, Plaintiff has failed to raise any viable claims against Defendants Robertson and Waddle in any of his pleadings.

In his Amended Complaint, Plaintiff alleges that Defendant Captain Donald Tate failed to properly process his grievances and informal resolutions.  *See* docket entry #8 at ¶ 6. The Eighth Circuit has made it clear that prisoners do not have a constitutional right to a prison grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, a prison official's failure to properly process a grievance, standing alone, is not actionable under § 1983. *Id.*   Accordingly, Plaintiff has failed to state a viable claim against Defendant Tate.

Finally, Plaintiff admits, in his Addendum, that he has not raised any claims against Defendant Rose Jackson.  *See* docket entry #10 at ¶ 6.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  The case be DISMISSED, WITHOUT PREJUDICE, because Plaintiff has failed to state a claim upon which relief may be granted.

2.  Dismissal of this action constitute a "STRIKE," as defined by 28 U.S.C. § 1915(g).

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 27th day of April, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ J. Thomas Ray
　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE